IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VIRGIL W. SHELTON                                                                                       PLAINTIFF

v.                                              No. 4:02CV00632 GH

KENNEDY FUNDING, INC.                                                                      DEFENDANT

## ORDER

On August 23rd, plaintiff filed renewed motions in limine to exclude any mention of his alleged failure to mitigate his damages, his alleged failure to meet a condition precedent of the contract, and any testimony of Rochelle Moskowitz.

Defendant responded on August 31st that the renewed motions are identical to those filed by plaintiff on June 8, 2004, responded to by defendant on June 14, 2004, and ruled on by the Court by order filed on September 21st and so there is no good reason for renewal of those motions. It asks for fees and costs associated with filing this response.

Also on August 31st, defendant filed a second motion to exclude expert testimony by Hal Joseph Kemp, Esq., Travis Bailey, Richard Bell, CPA, Charles E. Venus, Scott Goldscholl, Esq., and Dillard Martin on the grounds that plaintiff has neither produced an expert report nor a written statement of the expert opinions as required by Fed. R. Civ. P. 26(a)(2) and the scheduling orders.

Plaintiff responded on September 1st that he voluntarily withdraws the testimony on Venus, Kemp and Bailey, but counters that Goldscholl, who defendant has also listed as a witness, and Martin are not "professional" experts, but are fact witnesses who plaintiff submitted an "expert

disclosure" in an abundance of caution. While admitting that Bell is a paid expert, plaintiff points out that defendant took his deposition on April 9, 2004 and has listed the computations done by him on its own exhibit list. Plaintiff moves, in the alternative, if the Court excludes the testimony of Bell, that defendant's exhibits of calculations performed by Bell be excluded as hearsay.

Although the trial was continued after the previous ruling on plaintiff's motions in limine, that ruling remains in effect. Thus, plaintiff's August 23rd renewed motion (#77) in limine is rendered moot. However, the Court is not persuaded that costs or fees should be imposed. Defendant's August 31st second motion (#82) to exclude expert testimony has been rendered moot in part by plaintiff's response and is denied in part. The Court agrees with plaintiff that Goldscholl, Martin and Bell and the areas of their testimony are known to defendant so exclusion is not warranted. With that ruling, plaintiff's September 1st alternative counter motion (#84) to exclude defendant's exhibits and testimony has been rendered moot.

IT IS SO ORDERED this 8th day of September, 2005.

_George Howard Jr_
UNITED STATES DISTRICT JUDGE