**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**VIRGIL SHELTON**                                                                                 **PLAINTIFF**

**v.**                               **4:02CV00632-WRW**

**KENNEDY FUNDING, INC.**                                              **DEFENDANT**

## ORDER

Plaintiff appeals from the U.S. Magistrate Judge's Order (Doc. No. 146) that denied both Plaintiff's Motion to Enforce Settlement (Doc. No. 121) and Defendant's Motion to Enforce the September 29, 2006 Settlement Agreement. Defendant has responded (Doc. No. 153).

Plaintiff alleges that the Magistrate erred in: (1) failing to apply the proper standard for review; (2) failing to hold Defendant produced no evidence of fraud; and (3) failing to hold Defendant produced no evidence of mutual mistake as to the terms of the agreement contained in the Court record.[1] Plaintiff also alleges that the Order refusing to enforce the settlement is not supported by the evidence.[2] Under Rule 72.1 of the Local Rules of this Court, I must affirm the Magistrate's findings unless those findings are clearly erroneous or contrary to law.[3]

## I. BACKGROUND

On September 7, 2006, in open court, the parties' attorneys announced that they were prepared to settle.[4] In the days following, however, the communications between the parties

---

[1] Doc. No. 151.

[2] *Id*.

[3] Local Rule 72.1(V)(B).

[4] Doc. No. 121, Ex. 1, pg. 2.

brought to light differences between them in connection with their understanding of the terms of the settlement agreement.[5] Each party filed a motion to enforce its version of the settlement,[6] and afterwards participated in a settlement hearing before United States Magistrate Judge Henry Jones. After the hearing, Judge Jones entered an Order that reads:

> Both parties argue that a settlement was reached in this case. They disagree as to the terms of the agreement and when the agreement was reached. After examining the transcript and considering the briefs of the parties, I find that no settlement agreement has been reached in this case. There has not been a meeting of the minds at any point on the terms of a binding agreement.

**II. DISCUSSION**

I am certain that the U.S. Magistrate Judge did not take lightly his duty "to encourage rather than to discourage parties in resorting to compromise as a mode of adjusting conflict claims."[7] While it is true that settlement agreements are binding, a settlement agreement is "contractual in nature," and to be valid a settlement agreement must be a contract.[8] "It is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators."[9] Further, a court can only enforce or construe a contract; it may not

---

[5] See Doc. No.121, Exs. 1-11; Doc. No. 123, Exs. A-I.

[6] Doc. Nos.121, 123.

[7] *Williams v. Davis*, 9 Ark. App. 323, 325 (1983).

[8] *Id*.

[9] *Williamson v. Sanofi Withrop Pharms.*, 347 Ark. 89, 98 (2001) (citing *Crain Industries, Inc. v. Cass*, 305 Ark. 566 (1991)).

create a contract where there has been no meeting of the minds.[10]

Plaintiff alleges that Judge Jones did not apply the proper standard in reaching his conclusion. I disagree. The standard Plaintiff alleges should have been applied -- "that the Defendant had the burden of proof in the proceeding in attacking the on-the-record settlement to show that the agreement made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted"[11] -- could be appropriate if the Magistrate had found that an agreement existed. But he did not.

I find that Judge Jones's conclusion that there was no meeting of the minds, and thus no settlement agreement, was neither clearly erroneous nor contrary to law. As one attorney in this case wrote to another "it appears that we may be talking past each other."[12] Apparently, Judge Jones agreed.

The appeal of Judge Jones's Order is DENIED, and the September 6 Order (Doc. No. 146) is AFFIRMED.

The parties are directed to give me a status report on this case, including suggestions on how to proceed, by 5:00 p.m on December 21, 2007.

IT IS SO ORDERED this 17th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[10]*Id*. I use "meeting of the minds" because many, if not most, court do. My apologies to Corbin and Williston.

[11]Doc. No. 151.

[12]Doc. No. 121, Ex. 6, Pg. 3.