IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VIRGIL SHELTON**                                                                                    **PLAINTIFF**

v.                                            4:02CV00632-WRW

**KENNEDY FUNDING, INC.**                                                             **DEFENDANT**

**ORDER**

There are several pending motions in this case. After reviewing all pleadings, motions, and responses, I rule as follows:

1. Plaintiff's Renewed Motions in Limine (Doc. No. 165) is GRANTED in PART and DENIED in PART. Plaintiff's motion, as it relates to Plaintiff's failure to mitigate damages, failure to meet a condition precedent, and to the testimony of Mr. Joseph Barbiere is DENIED. However, the portion of Plaintiff's motion related to the testimony of Ms. Rochelle Moskowitz is GRANTED.

2. Plaintiff's Motion in Limine and Notice Concerning Defense Witness Joseph Wolfer (Doc. No. 167) is GRANTED. Evidence of Mr. Wolfer's conviction is admissible to impeach under Federal Rule of Evidence 609(a)(2) because it involved dishonesty, and there is no ten year limit on dishonesty convictions.

I will hear oral argument (probably by a telephone conference) on whether it is admissible to show "modus operandi" under Federal Rule of Evidence 404(b). It may well depend on Defendant's proposed specific defense.

3. Defendant's Motion in Limine No. 1 "2006 Settlement Negotiations" (Doc. No. 169) is GRANTED. Parties must approach the bench out of the hearing of the jury to discuss an alleged "opened door."

4. Defendant's Motion in Limine No. 2 "Loss of the Use of Money" (Doc. No. 170) is DENIED.

5. Defendant's Renewed Motion in Limine No. 2 "Authentication of Faxes and Letters" (Doc. No. 171) is DENIED without prejudice. Plaintiff, of course, will be required to authenticate at the trial.

6. Defendant's Renewed Motion in Limine Regarding Rochelle Moskowitz (Doc No. 172) is DENIED. I assume Plaintiff wants to introduce evidence of Ms. Moskowitz's failure to appear at her deposition despite the fact that she was under subpoena as a tacit admission; but, don't admissions of an employee or agent require the employer/employee relationship at the time of the alleged admission? I think so and GRANT this motion, reserving and preserving the right of Plaintiff's counsel to convince me that I have erred in my analysis.

7. Defendant's Renewed Motion in Limine to Exclude Evidence of KFI's Net Worth and Financial Stability as Irrelevant and Prejudicial (Doc. No. 173) is DENIED. The trial will be bifurcated as to compensatory/general damages and to punitive damages. If the jury returns a verdict for the Plaintiff in the first phase, I then will decide whether to submit the punitive damages issue to the jury. If I do decide to submit it, Defendant will be required to provide Plaintiff a detailed, plain language, financial statement which can be understood by a reasonably bright lawyer who is not a trained accountant. Defense counsel should confirm that they will bring this financial statement to the trial. This confirmation should be done by 4:00 p.m. on Friday, February 27, 2009.  An email or fax letter to me and to opposing counsel will suffice.

8. Defendant's Motion for Reconsideration to Allow the Testimony of Michael Leighton (Doc. No. 174) is DENIED.

9. The above rulings are definitive, unless the language suggests otherwise.

IT IS SO ORDERED this 25th day of February, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE