**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**VIRGIL SHELTON**                                                                                              **PLAINTIFF**

v.                                                        **4:02CV00632-WRW**

**KENNEDY FUNDING, INC.**                                                                         **DEFENDANT**

**ORDER**

At issue is whether the statute of frauds applies to the alleged contract in this case. While the statute of frauds bars recovery for breach of certain contracts not in writing,[1] there are a few exceptions to the statute of frauds. Promissory estoppel is the most relevant exception with respect to the alleged contract between Plaintiff and Defendant.[2]

Promissory estoppel is defined as follows:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.[3]

This Court has held that "where there has been reasonable detrimental reliance upon an otherwise unenforceable promise, courts may enforce the terms of that promise to prevent an

---

[1] See Ark. Code Ann. § 4-59-101.

[2] *Waterall v. Waterall*, 85 Ark. App. 363, 155 S.W.3d 30, 33 (Ark. App. 2004) ("The doctrine of promissory estoppel may be asserted to prevent the application of the statute of frauds.") (citing *Ralston Purina Co. v. McCollum*, 271 Ark. 840, 611 S.W.2d 201 (Ark. App.1981)).

[3] Restatement (Second) of Contracts, § 90 (1981).

injustice."[4] The party claiming estoppel must prove good faith reliance on the wrongful conduct and that he has changed his position to his detriment.[5]

The statue of frauds comes into play in this case because Defendant never signed the parties' Estoppel Certificate; however, it appears that Defendant promised Plaintiff that it would perform under the terms of that document. Even if the contract is unenforceable, Plaintiff reasonably relied upon Defendant's promise to his detriment. Plaintiff honestly and reasonably believed he performed all that was required of him. That is enough to trigger the promissory estoppel exception and take this agreement out of the statute of frauds. Accordingly, I find by clear and convincing evidence[6] that the statute of frauds does not apply to the parties' alleged contract and will not give any jury instructions relating to the statue of frauds.

IT IS SO ORDERED this 6th day of March, 2009.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] *Barnett v. Kohler*, 2006 WL 2583660 (E.D. Ark. September 07, 2006) (citing *Van Dyke v. Glover*, 326 Ark. 736, 934 S.W.2d 204 (1996)).

[5] *Waterall*, 85 Ark. App. at 367, 155 S.W.3d at 33.

[6] *Bramlett v. Selman*, 268 Ark. 457, 461 597 S.W.2d 80, 82 (1980) ("To remove an oral contract from the statute of frauds, it is necessary that the quantum of proof be clear and convincing both as to the making of the oral contract and its performance.").