**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**VIRGIL SHELTON**                                                                                    **PLAINTIFF**

**v.**                                        **4:02-CV-00632-WRW**

**KENNEDY FUNDING, INC.**                                                          **DEFENDANT**

<u>**ORDER**</u>

Pending is Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 215). Defendant

has responded,[1] and Plaintiff has replied.[2] Also pending is Defendant's Motion to Conform

Pleadings to the Proof (Doc. No. 219). Plaintiff has responded,[3] and Defendant has replied.[4]

**I.      MOTION TO CONFORM**

An April 4, 2009, letter,[5] reads: "I believe that Plaintiff's claim 'sounds' primarily in

contract, and two things follow from this: 1. attorney's fees and costs/expenses; and 2. Plaintiff

will be required to sign the mortgage over to Defendant." Therefore, Defendant's Motion to

Conform Pleadings to the Proof is GRANTED.

**II.     ATTORNEY'S FEES**

Plaintiff requests $197,869.00 in attorney's fees. Defendant objects to $23,212.00 of

these fees and makes two arguments: (1) that Plaintiff's fees should be reduced by one-half

---

[1]Doc. Nos. 232, 237.

[2]Doc. No. 234.

[3]Doc. No. 230.

[4]Doc. No. 231.

[5]Doc. No. 233.

because of the multiple recoveries and punitive damages award; and (2) that Plaintiff's request seeks fees for vague, unrelated, and unrecoverable time entries.[6]

Plaintiff did prevail on fraud and constructive fraud theories, but I have determined that Plaintiff's claim was based primarily in contract. I have read the two cases cited by Defendant where courts reduced a plaintiff's fees when he recovered in contract and tort theory.[7] *FMC Corporation, Inc. v. Helton*[8] is inapposite because it appears that case was based primarily in tort. In *Nef v. Ag Services of America, Inc.*,[9] the appellate court reduced the plaintiff's fee award by 40% because he recovered both for breach of contract and conversion. It seems that the court in *Nef* was able to distinguish between fees related to contract and fees related to conversion. The present action was filed almost nine years ago.  Several attorneys and three different judges have been a part of this case. I can conceive no way to apportion fees between contract and tort.

I am not convinced by Defendant's second argument either. I have reviewed Plaintiff's motion, time entries, and affidavits. All of Plaintiff's submissions are reasonable and specific enough for me to be able to "determine with certainty whether they [are] related to this litigation."[10] Plaintiff's attorneys did not bill for duplicative work or overstaff at trial. Accordingly, Plaintiff is entitled to all of his requested attorney's fees.

---

[6]Doc. No. 237.

[7]Doc. No. 237 (citing *FMC Corp., Inc. v. Helton.*, 360 Ark. 465, 488-90, 202 S.W.3d 490, 506-507 (2005); *Nef v. Ag Servs. of Am., Inc.*, 79 Ark. App 100, 106-07, 86 S.W.3d 4, 8-9 (2002).

[8]360 Ark. at 488-90.

[9] 79 Ark. App. at 106-07.

[10]*H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).

## III.    COSTS

Plaintiff also seeks $13,488.62 in costs. Defendant objects to $13,099.99. Specifically,

Defendant contends that some of Plaintiff's cost requests are not recoverable under 28 U.S.C. §

1920. I will address Defendant's objections separately.

a.    Plaintiff requests $5,420.63 for copies and $2,060.60 for court reporter fees. Defendant's objection lacks merit. Both are recoverable under the statute.[11]

b.    Defendant contests the $2,219.45 in travel and restaurant charges. I agree with Defendant.[12]

c.    Plaintiff accrued $1,929.19 in Westlaw invoices and other research charges. I also agree with Defendant with respect to this issue.[13]

d.    Defendant objects to Plaintiff's request for $1,317.00 in process server charges. Defendant's objection is valid.[14]

e.    Plaintiff's bill reflects $24.24 in Fed-Ex charges. There is no mandatory authority on point here, but it appears Defendant is correct because these costs are usually included in the attorney's overhead.[15]

f.    Plaintiff requests $26.88 in supplies. Again, supplies qualify as attorney overhead. Defendant's objection is valid.

---

[11]See 28 U.S.C. § 1920(2).

[12]*Heigel v. Hill*, 771 F.2d 358, 360 (8th Cir. 1985) ("[C]laims for attorney's travel and subsistence expenses . . . are not recoverable as costs.").

[13]*Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) ("[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award."); *TASA Group v. Mosby*, No. 4:05-CV-00938-GTE, 2005 WL 1922571 at *1 (E.D. Ark. Aug. 9, 2005) ("The Eighth Circuit considers such costs [computerized legal research] to be factored into the attorney's hourly rate, and therefore, not recoverable as an addition to a fee award.").

[14]*Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (Defendant could not recover $250.00 for use of a special process server).

[15]*Ass'n for Disabled Amns., Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1304 (M.D. Fla. 2005) (holding that overhead of attorney's law firm such as express mail were not recoverable as costs).

g.      Defendant contests the $102.00 Plaintiff seeks for the transcript of a proceeding
        before the Arkansas Security Commission. Plaintiff contends, and I agree, that the
        transcript was necessary to identify the "names of potential witnesses associated
        with KFI, and in understanding the history and extent of the damages realized as
        part of the fraud."[16] Defendant's objection is overruled.

If my calculations are correct, Plaintiff is entitled to costs from Defendant in the amount

of $7,971.86.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for

Attorney's Fees (Doc. No. 215) is GRANTED in FULL as to fees, and GRANTED in PART as to

costs. Defendant must pay to Plaintiff $197,869.00 in attorney's fees and $7,971.86 in costs for a

total of $205,840.86. Defendant's Motion to Conform Pleadings to the Proof (Doc. No. 219) is

GRANTED. Upon Defendant's payment of the Judgment in full, Plaintiff must assign his

mortgage on the Rest in Peace Cemetery to Defendant.

IT IS SO ORDERED this 7th day of May, 2009.


/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[16]Doc. No. 234.