IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VIRGIL SHELTON**                                                                                            **PLAINTIFF**

v.                                      **4:02-CV-00632-WRW**

**KENNEDY FUNDING, INC.**                                                                       **DEFENDANT**

### ORDER

Pending are Defendant's Motion to Alter or Amend Judgment (Doc. No. 239) and Amended Motion for Approval of Supersedeas Bond and for Stay of Execution Pending Appeal (Doc. No. 240). Plaintiff has responded to both motions,[1] and the parties have replied.[2]

**I.     MOTION TO ALTER OR AMEND JUDGMENT**

To avoid any potential uncertainty, Defendant contends that the May 7, 2009, Order should be amended to direct Plaintiff (upon payment by Defendant of the Judgment in full) to assign the following to Defendant:

> All of his right, title and interest as the mortgagee on the property known as Rest in Peace Memorial Gardens, as more fully identified in the mortgage dated December 8, 1992 and filed in the office of the Recorder for Pulaski Count, Arkansas as Instrument No. 9278731, including (1) his rights, interests, and judgment in lien in *Virgil Shelton v. Rest in Peace Memorial Gardens, et al.*, No. CV 2006-7798, pursuant to the State court Decree dated August 21, 2008, and any subsequent orders that might be issued, and (2) the proceeds or products from any transaction related thereto.[3]

Plaintiff does not object to the amendment, assuming that at some later date Defendant "subsequently pays the judgment, costs, and attorneys' fees."[4] Accordingly, Defendant's Motion

---

[1] Doc. Nos. 242, 243.

[2] Doc. Nos. 250, 251.

[3] Doc. No. 239.

[4] Doc. No. 242.

to Alter or Amend Judgment is GRANTED. The May 7, 2008, Order is amended to add the assignment of interest in the blocked paragraph above.

## II.   AMENDED MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR STAY OF EXECUTION

Defendant seeks approval of its supersedeas bond and a stay of enforcement of the Judgment pending appeal to the Eighth Circuit.[5] Under Federal Rule of Civil Procedure 62(d), an appealing party must be granted a stay if the court accepts its supersedeas bond.[6] Plaintiff contends that the supersedeas bond is insufficient because it does not guarantee the total sum of the judgment, attorneys' fees, costs, pre-judgment interest, and post-judgment interest.[7] Plaintiff and Defendant agree[8] on all calculations except the pre-judgment interest rate. Defendant argues that the pre-judgment interest is calculated at 6% simple interest; therefore, the total amount of the bond need only be $2,178,648.20.[9] Plaintiff asserts that a 6% per annum interest rate is proper, and the minimum amount should be $2,233,768.90.[10] I agree with Plaintiff. The

---

[5]Doc. No. 240.

[6]Fed.R.Civ.P. 62(d). See also *American Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (explaining that "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d) and 73(d)").

[7]Doc. No. 243.

[8]Doc. Nos. 243, 250.

[9]Doc. No. 250.

[10]Doc. No. 243.

pre-judgment interest rate is determined by Arkansas law,[11] which provides for a rate of 6% per annum.[12]

But, the current bond is good enough for government work and is approved.

Because I have accepted Defendant's bond, its Motion for Approval of Supersedeas Bond and for Stay of Execution Pending Appeal is GRANTED.

IT IS SO ORDERED this 12th day of June, 2009.

    /s/ Wm. R. Wilson, Jr._____
    UNITED STATES DISTRICT JUDGE

---

[11] *Jennings v. Dumas Pub. Sch. Dist.*, 763 F.2d 28, 33 (8th Cir. 1985) (citing *Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1290 (8th Cir. 1980) (explaining that "[t]he law of the state where the cause of action arises governs whether a party in a diversity action is entitled to pre-judgment interest")).

[12] See *Affiliated Real Estate Appraisers of AR v. Moran*, No. 4:07-CV-01221-SWW, 2008 WL 5225825, at *2 (E.D. Ark. Dec. 11, 2008) (ordering the payment of 6% per annum pre-judgment interest); *Wooten v. McClendon*, 272 Ark. 61, 63 (1981) (holding that the Arkansas legislature had not set a pre-judgment interest rate, and "when no rate of interest is agreed upon, the rate shall be 6% per annum"); 2 Arkansas Civil Practice and Procedure § 31:10 ("Under the Arkansas Constitution, the rate of interest for contracts in which no rate of interest is agreed upon is six percent per annum. In light of this provision, the Supreme Court has held that pre-judgment interest is limited to six percent absent agreement of the parties.").