**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VIRGIL SHELTON                                                                PLAINTIFF

v.                                        4:02CV00632WRW

KENNEDY FUNDING, INC.                                          DEFENDANT

<u>ORDER</u>

Pending are Trinity Town Center's Motion for Leave to Intervene (Doc. No. 244) and

Motion to Modify Protective Order (Doc. No. 246).  Defendant has responded.[1]  For the reasons

set out below, Trinity's Motion for Leave to Intervene is DENIED and Trinity's Motion to

Modify Protective Order (Doc. No. 246) is DENIED as MOOT.

**I.      BACKGROUND**

Plaintiff, Mr. Virgil Shelton, and Defendant, Kennedy Funding, Inc., are currently

engaged in litigation in this Court. Trinity Town Center, LLP, ("Trinity") seeks to intervene to

obtain a document relating to Defendant's financial status.[2] Before trial, I denied[3] Defendant's

Motion in Limine to exclude the financial statement.[4] However, I held that the financial

statement would be admissible only during a possible bifurcated punitive damages phase,[5] and

granted a protective order which sealed Defendant's financial statement.[6] After the jury returned

---

[1]Doc. No. 253.

[2]Doc. No. 245.

[3]Doc. No. 186.

[4]Doc. No. 173.

[5]Doc. No. 186.

[6]Doc. No. 206.

a verdict for Plaintiff, the case went to the jury on punitive damages.[7] During closing argument

on punitive damages, Plaintiff used the financial statement to discuss Defendant's financial

status.[8] The financial statement was resealed after the punitive phase.[9]

Trinity seeks to intervene to modify the protective order to unseal Defendant's financial

statement.[10] Trinity is not a party to the underlying litigation between Plaintiff and

Defendant,[11] and Trinity has not filed suit against Defendant.[12] Rather, Trinity is currently

developing a shopping center in Florida that Defendant is funding.[13] Although Defendant has

assured Trinity that it can fund the project, Trinity has doubts.[14] As a result, Trinity seeks access

to Defendant's financial statement to determine if Defendant can fulfill its obligations to

Trinity.[15]

## II.   DISCUSSION

### A. Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene as a matter of right

"if: (1) she has a cognizable interest in the subject matter of the litigation, (2) the interest may be

impaired as a result of the litigation, and (3) the interest is not adequately protected by the

---

[7]Doc. No. 214.

[8]*Id.*

[9]*Id.*

[10]Doc. No. 245.

[11]*Id.*

[12]Doc. No. 253.

[13]Doc. No. 247.

[14]Doc. No. 245.

[15]*Id.*

existing parties to the litigation."[16] "The party seeking intervention must satisfy all three parts of the test."[17] An interest is cognizable if it is "direct, substantial, and legally protectable."[18] Further, an "intervenor cannot rely on an interest that is wholly remote and speculative."[19]

Defendant argues,[20] and I agree, that Trinity does not have a cognizable interest in the subject matter of the litigation. The litigation between Plaintiff and Defendant arose out of a mortgage on Rest In Peace Memorial Gardens, Inc., an Arkansas cemetery.[21] The only link between Trinity's interests and the present litigation is that Trinity is concerned with Defendant's ability to continue funding its shopping center project.[22]

Although post-judgment intervention is allowed under Rule 24(a)(2),[23] Trinity cannot intervene under Rule 24(a)(2) because it does not have a "cognizable interest in the subject matter of the litigation."[24]

---

[16]*Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)).

[17]*Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (citing *Chiglo*, 104 F.3d at 187).

[18]*U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993); *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988); *U.S. v. Perry County Bd. Of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

[19]*Union Elec. Co.*, 64 F.3d at 1162 (citations omitted).

[20]Doc. No. 253.

[21]Doc. No. 1.

[22]Doc. No. 245.

[23]*Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 670 (8th Cir. 2008).

[24]*Medical Liability Mut. Ins. Co.*, 485 F.3d at 1008.

**B. Permissive Intervention**

Federal Rule of Civil Procedure 24(b)(1)(B) reads: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."[25] "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights."[26] "While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend."[27]

*Consolidated Nutrition Marketing Corporation v. Seaboard Farms, Inc.*,[28] is directly on point. In that case, the parties stipulated to a protective order to protect a variety of materials, although the trial remained open to the public.[29] After the case was dismissed, the Organization for Competitive Markets sought permissive intervention "for the limited purposes of opposing [the defendant's] motion to seal certain portions of the trial transcript and to obtain access to materials covered by the protective order . . . ."[30] In affirming the district court's denial of intervention,[31] the Eighth Circuit explicitly "decline[d] to adopt the position of those 'courts

---

[25]Fed. R. Civ. P. 24(b)(1)(B).

[26]*South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted).

[27]*Curry v. Regents of Uni. Of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996)).

[28]No. 00-3432, 2001 WL 842029 (8th Cir. Feb. 1, 2001) (per curiam).

[29]*Id.* at *1.

[30]*Id.*

[31]*Id.*

[which] have gone so far as to hold that the issue of the scope or need for the confidentiality order itself presents a common question that links the movant's challenge with the main action.'"[32] Because "the only thing the motion for permissive invention and the underlying litigation [had] in common [were] the materials covered by the protective order," the movant was not entitled to intervene.[33]

Trinity cites three cases[34] for the proposition that "courts have permitted permissive intervention for the limited purpose of modifying a protective order."[35] These cases are not mandatory authority and are distinguishable from the facts here. As Defendant points out,[36] the intervenor in these cases shared some common issue with the underlying ligation, and, therefore, permissive intervention was appropriate.[37] However, it appears Trinity has no interest in the subject matter of the litigation between Plaintiff and Defendant.[38] As discussed above, the only connection between Trinity and the present case is Defendant's financial statements, which is not

---

[32]*Id.* at *2 (citations omitted).

[33]*Id.*

[34]*Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624 (S.D. Iowa 1993); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990).

[35]Doc. No. 245.

[36]Doc. No. 253.

[37]*Jochims*, 148 F.R.D. at 625 (explaining that the "latest legal skirmish reses the question of whether counsel for other plaintiffs involved in similar litigation against Isuzu in other jurisdictions may intervene in this litigation, post-trial, to seek modification of the protective order . . . ."); *Beckman*, 966 F.2d at 474 (explaining that "[t]he district court found that the importance of access to documents prepared for similar litigation involving the same parties satisfied the commonality requirement of [Rule] 24(b)); *United Nuclear Corp.*, 905 F.2d at 1427 (noting that "the district court allowed intervention on a finding that interpretation of the . . . policies was a common issue between the instant case and the other suits).

[38]Doc. No. 245.

a common question of law or fact. Accordingly, Trinity is unable to satisfy the requirements of permissive intervention.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Trinity's Motion for Leave to Intervene (Doc. No. 244) is DENIED, and Trinity's Motion to Modify Protective Order (Doc. No. 246) is DENIED as MOOT.

IT IS SO ORDERED this 30th day of June, 2009.

/s/ Wm. R. Wilson, Jr. _____
UNITED STATES DISTRICT JUDGE